UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIE L.
O/B/O S.N.L.,

                           Plaintiff,

v.                                                    CASE # 19-cv-00979

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | CRANDI CHRISTINE<br>SMITH, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEETANO SHAMSOONDAR,<br>ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative

record is **DENIED**, the Defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      RELEVANT BACKGROUND

    A.      Factual Background

S.N.L. was born on November 18, 2008. (Tr. 141). At the time of the hearing, he was 9 years old and in the third grade. (Tr. 43). The alleged disability onset date is September 1, 2013. (Tr. 141).

    B.      Procedural History

On October 26, 2015, plaintiff's mother protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act on S.N.L.'s behalf (Tr. 141). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On April 20, 2018, plaintiff and his mother appeared before the ALJ, Paul Georger. (Tr. 37-67). On July 20, 2018, ALJ Georger issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-32). On May 24, 2019, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3) and this action followed.

    C.      The ALJ's Decision

Generally, in his decision, ALJ Georger made the following findings of fact and conclusions of law:

> 1. The claimant was born on November 18, 2008. Therefore, he was a preschooler on October 26, 2015, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since October 26, 2015, the application date (20 CFR 416.924(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder (ADHD), oppositional and defiant disorder (ODD) and intellectual disorder (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
   (a) The claimant has less than marked limitation in acquiring and using information.
   (b) The claimant has less than marked limitation in attending and completing tasks.
   (c) The claimant has marked limitation in interacting and relating with others.
   (d) The claimant has less than marked limitation in moving about and manipulating objects.
   (e) The claimant has less than marked limitation in the ability to care for himself.
   (f) The claimant has less than marked limitation in health and physical well-being.

6. The claimant has not been disabled, as defined in the Social Security Act, since October 26, 2015, the date the application was filed (20 CFR 416.924(a)).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff broadly argues the domain findings were not supported by substantial evidence. (Dkt. No. 11 at 13 [Pl's Mem. of Law]). Specifically, plaintiff asserts the ALJ's findings of less than marked limitations the in domains of acquiring and using information and attending and completing tasks were based on a misinterpretation of the evidence and improper weighing of evidence. (Dkt. No. 11 at 12).

### B.     Defendant's Arguments

In response defendant argues substantial evidence supports the ALJ's finding that S.N.L.'s impairments did not functionally equal a listed impairment. (Dkt. No. 16 at 16 [Def.'s Mem. of

Law]). Defendant asserts the findings in the domains are supported by opinions and conclusions from various sources and the ALJ properly weighed the opinion evidence. (Dkt. No. 16 at 18).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an

analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

5

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[1]

## IV. ANALYSIS

### A. Substantial Evidence

Plaintiff argues that the ALJ's findings regarding functional equivalence are not supported by substantial evidence. (Dkt. No. 11 at 13). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support

---

[1] "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

a conclusion." *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). More specifically, plaintiff argues the ALJ should have found greater limitations in the domains of acquiring and using information and attending and completing tasks based on a teacher questionnaire that was not properly considered. (Dkt. No. 11 at 15).

On January 25, 2018, S.N.L.'s third grade teacher, Ms. Syruws, completed a teacher questionnaire. (Tr. 244-51). She opined plaintiff had no problem to very serious problems in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others. (Tr. 245-47). Defendant agrees that the ALJ summarized the report from Ms. Syruws, as well as the additional opinion evidence in the administrative record. (Dkt. No. 11 at 16). However, plaintiff disagrees with how the ALJ considered the other evidence and is essentially arguing the ALJ should have weighed the evidence in a manner more favorable to plaintiff. (Dkt. No. 11 at 18-20). It is not enough for plaintiff to show that the record could support his position; rather, he must show that no reasonable factfinder could have reached the ALJ's conclusions on this record. *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Here the plaintiff has not met that burden.

In his decision, the ALJ appropriately considered and weighed the teacher questionnaire from Ms. Syruws and considered the record as a whole in determining less than marked limitations in the domains of acquiring and using information and attending and completing tasks. (Tr. 23). The ALJ properly concluded that although not an acceptable medical source, Ms. Syruws did observe plaintiff on a daily basis yet her severity of limitations was inconsistent with the record as a whole. *See* SSR 06-03p, 2006 WL 2329939 (August 9, 2006) (noting that information from "other sources," including teachers, are "valuable sources of evidence for assessing impairment severity and functioning," and that the ALJ "generally should explain the weight given to opinions

7

from [] 'other sources'"). Accordingly, the ALJ noted improvement in plaintiff's abilities shown in subsequent educational records and medical records. The ALJ's repeated reference and reliance on school records indicating progress and improvement was not an error. The fact that plaintiff can identify isolated treatment notes or evidence which are inconsistent with the ALJ's determination does not detract from substantial evidence supporting the ALJ's findings. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012) (substantial evidence so deferential "that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence.").

In the domain of acquiring and using information, the ALJ acknowledged that plaintiff had problems in this domain as evidenced by the questionnaire completed by Ms. Syruws[2]. (Tr. 26). However, the ALJ identified other records which showed plaintiff completed his homework, made academic improvements, and worked with a tutor. (Tr. 25-26; *see* Tr. 196, 541, 591, 616, 647). Plaintiff focuses only on the form responses of serious and very serious limitations in the domain but not the responses of none, less or obvious. (Dkt. No. 11 at 20). An ALJ is not to average all of the findings in the evidence about a child's activities to come up with a rating for the domain but rather consider all evidence and look at the child as a whole. *See* SSR 09-1p: Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule – "The "Whole Child" Approach. As stated above, it was not an error to consider improvement over time as it can be evidence of a less than marked limitation. *See Agee ex rel. M.P.W. v. Astrue*, No. 12-cv-0657, 2013 WL 6384595, at *7 (W.D.N.Y. Dec. 6, 2013) (noting that while the evidence showed the child

---

[2] The ALJ broadly cited the teacher's "serious" or "obvious" problems in this domain. The form indicates this included obvious problems with understanding school and content vocabulary, reading and comprehending written material, and learning new material. A rating of serious problems was indicated in activities such as indicated in comprehending oral instructions, comprehending and doing math problems, and expressing ideas in written form. (Tr. 245).

was behind grade level in many of his classes, his performance and symptoms improved over time, and this information substantially supported the ALJ's finding of less than marked limitations in acquiring and using information) citing *Brewer ex rel. S.B. v. Astrue*, No. 08-cv-0518MAT, 2010 WL 2287480, at *5-6 (W.D.N.Y. June 2, 2010). Report cards also indicate plaintiff was able to meet expectations generally in English Language Arts, Mathematical Thinking, Technology, Physical Education, Wellness, Music, and Art. (Tr. 238-40; *see also* Tr. 235-37).

In the domain of attending and completing tasks the ALJ recounted the testimony of plaintiff's mother that her son required assistance and redirection with tasks and homework but the ALJ also observed plaintiff generally finished his homework and household chores as well as played team sports and video games. (Tr. 26-27; *see* Tr. 44-45, 49, 51-52, 58-59, 440). Plaintiff's functioning in this domain was also improved because of medication for ADHD symptoms. *See* Tr. 541, 575, 591, 616. Nurse practitioner McKenzie noted plaintiff was completing his homework with less redirection and was making good academic progress, while his mother reported plaintiff was doing excellent in school. (Tr. 541, 575, 591). As established above, consideration of improvement was not improper.

The 2018 Individualized Education Plan (IEP) indicated plaintiff completed his homework and had improved academically, which is substantial evidence supporting the ALJ's finding. (Tr. 645-47). Although IEP plans are not medical opinions, the IEP plan is a "critical piece of evidence regarding a child's functional capabilities," and should be considered by an ALJ, which ALJ Georger appropriately did. *Bradley o/b/o C.B. v. Berryhill*, No. 1:14-cv-1072, 2017 WL 8287642, at *2 (W.D.N.Y. Aug. 5, 2017).

In addition to the non-medical source opinion from Ms. Syruws, the ALJ also properly considered and weighed the February 2016 opinion from State agency pediatric consultant Dr.

Meyer, who opined that the claimant had less than marked limitation in the domains of acquiring and using information and attending and completing tasks. (Tr. 72-73). While it is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, medical source opinions that are "conclusory, stale, and based on an incomplete medical record" are not substantial evidence. *Griffith v. Astrue,* No. 08–CV–6004, 2009 WL 909630, at *9 n. 9 (W.D.N.Y. March 31, 2009). *See also* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e). Plaintiff argues the opinion is stale because it was prior to medication management but his opinion was consistent with the medical and education records as a whole. (Tr. 23). For that reason, the ALJ accorded significant weight while noting Dr. Meyer's specialty. Indeed, both medical and education records show improvement with medications, not a deterioration of functioning from the levels found by Dr. Meyer. His opinion was also consistent with the February 2016 findings and opinion from consultative psychiatric examiner Dr. Fabiano who examined the plaintiff and opined that he had no more than moderate limitations, including a moderate limitation in completing age-appropriate tasks and a mild limitation in learning. (Tr. 260-63). The ALJ appropriately considered the relevant factors in determining the weight to accord to the opinion of Dr. Meyer, including supportability, consistency, and specialization. *See* in 20 C.F.R. § 416.927(c)(2)-(6). The ALJ properly found that Dr. Meyer's opinion was consistent the medical and education records in the record, including the later submitted records. (Tr. 23. *See Camille v. Colvin*, 104 F. Supp.3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25, 28-29 (2d Cir. 2016) (Court rejected Camille's argument that the State agency psychologist's opinion was stale simply because he did not review subsequent treatment notes, finding that the evidence submitted later did not differ materially from the evidence reviewed by the State agency psychologist)).

Plaintiff argues the limitations assessed by Ms. Syruws were also consistent with opinions from Dr. Fabiano and Dr. Lyle. As discussed above, the opinion of moderate and mild limitations by Dr. Fabiano was consistent with the ALJ's findings. (Tr. 262-63). Katherine Lyle, a licensed speech-language pathologist, performed a consultative exam in January 2016, and also only assessed mild to moderate limitations in speech and language. (Tr. 255-258). These opinions were inconsistent with the obvious to severe problems reported by Ms. Syruws and further support the ALJ's weighing of her opinion.

Plaintiff concedes the record supports improvements but asserts plaintiff was still not at the same levels as his same-aged peers and the ALJ did not acknowledge that evidence appropriately. (Dkt. No. 11 at 19). The ALJ's consideration of evidence of improvement after plaintiff was placed on medication and received special education services was necessary. "All of the relevant evidence" to be considered in making a finding about disability includes how the child functions over time and across settings. *See SSR* 09-2p, 2009 WL 396032 (S.S.A. 2009). Consistent with prior case law, this Court finds that substantial evidence in the record supports the ALJ's determinations even though not every piece of evidence supports the ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148 (2019); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**.

Dated: July 7, 2021  
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge